UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORNERED, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| AMANDA AKINS and ) | FILE NO. 1:11-cv-02854-AT |
| JEFFREY KNIGHT, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT KNIGHT AND SUPPORTING MEMORANDUM

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Cornered, Inc. ("Plaintiff") hereby files this Motion for Voluntary Dismissal of Defendant Knight, requesting that this Court enter an order dismissing Defendant Knight from this action without prejudice, with each party to bear its own costs and attorney's fees.

On August 25, 2011, based on information procured in a prior lawsuit filed in the District of Columbia, Plaintiff filed its Complaint. ECF No. 1. Plaintiff alleged that Defendants Amanda Akins ("Defendant Akins") and Jeffrey Knight ("Defendant Knight") had directly and/or contributorily infringed Plaintiff's

copyrights in its commercially released motion picture by downloading and distributing the picture via μTorrent, a BitTorrent protocol, which is an online peer-to-peer file sharing system. *Id.* ¶ 21. On November 7, 2011, both Defendants filed their answers. ECF Nos. 8, 9. The parties then filed the Joint Preliminary Report and Discovery Plan on December 7, 2011. ECF No. 12.

On January 6, 2012, the Defendants filed their Motion to Dismiss or Severe [sic] Due to Misjoinder. ECF No. 16. Plaintiff filed its Response in Opposition to Defendants' Motion to Dismiss or Sever Due to Misjoinder on January 12, 2012. ECF No. 18. Defendants replied to Plaintiff's Response on January 26, 2012, ECF No. 19, and the motion is currently pending before Judge Totenberg.

Plaintiff served written discovery requests on Defendants on January 27, 2012. *See* Certificate of Serv., Pl.'s First Req. Produc. Docs. & Other Tangible Things to Def. Knight, ECF No. 21; Certificate of Serv., Pl.'s First Set Interrogs. to Def. Knight, ECF No. 23. On February 27, 2012, Plaintiff received discovery responses from Defendants that were deficient. Defendant Knight's responses are attached as Exhibit A. Defendants did not file certificates of service for the discovery responses until March 11, 2012. ECF No. 27.

Plaintiff initiated telephone conferences to resolve the deficiencies with counsel for Defendants on March 8 and March 12, 2012, at which point counsel for

Defendants promised to produce supplemental responses. Plaintiff has yet to receive further supplementation from Defendants.

Meanwhile, Plaintiff made a decision to discontinue the litigation. Defendant Akins agreed to stipulate to her voluntary dismissal, which was filed with the Court on March 27, 2012. ECF No. 30. However, Defendant Knight refused to stipulate to voluntary dismissal. He then, through counsel, served untimely Requests for Admissions on March 27, 2012. ECF No. 31.

Neither Defendant has filed counterclaims. Neither Defendant has filed a motion for summary judgment. There have been no hearings in the case, and up until this point, only one motion has been filed. *See* Defs.' Mot. Dism. or Sever, ECF No. 16. There have been no court determinations adverse to Plaintiff.

Plaintiff "seek[s] dismissal to facilitate an end to the litigation and to avoid unnecessary costs and expense to all parties." *ACEquip, Ltd. v. Am. Eng'g Corp.*, 219 F.R.D. 44, 45 (D. Conn. 2003) (granting plaintiff's motion to dismiss under Fed. R. Civ. P. 41(a)(2) where there was no evidence that plaintiff had not been diligent in pursuing discovery or bringing motion, and defendant had been responsible for delay in the case).

Accordingly, entry of an order dismissing the case without prejudice would be squarely within the discretion of the Court. *See Bridgeport Music, Inc. v.*

*Universal-MCA Publ'g, Inc.*, 583 F.3d 948, 954-55 (upholding dismissal under 41(a)(2) with each party bearing its own costs and fees when delay in case was in part attributable to defendants, plaintiffs initially had evidentiary basis to believe that defendants had committed copyright infringement "notwithstanding their denials," and "plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal").

Plaintiff therefore respectfully requests that this Court enter an order dismissing Defendant Knight from this case without prejudice, with each party to bear its own costs and attorney's fees. Fed. R. Civ. P. 41(a)(2).

Respectfully submitted this 2nd day of April, 2012.

>s/Elizabeth Ann Morgan
> Elizabeth Ann Morgan
> Georgia Bar No. 522206
> Candice D. McKinley
> Georgia Bar No. 253892
> Flora Manship
> Georgia Bar No. 317817
> THE MORGAN LAW FIRM P.C.
> 260 Peachtree Street
> Suite 1601
> Atlanta, Georgia 30303
> TEL: 404-496-5430
> morgan@morganlawpc.com
> mckinley@morganlawpc.com
> manship@morganlawpc.com
> *Counsel for the Plaintiff*

## LR 7.1(D) CERTIFICATION

This brief has been prepared with Times New Roman, 14-point font.

This 2nd day of April, 2012.

        Respectfully submitted,

        <u>s/Elizabeth Ann Morgan</u>
        Elizabeth Ann Morgan
        Georgia Bar No. 522206
        Candice D. McKinley
        Georgia Bar. No. 253892
        Flora Manship
        Georgia Bar. No. 317817
        THE MORGAN LAW FIRM P.C.
        260 Peachtree Street
        Suite 1601
        Atlanta, Georgia 30303
        TEL: 404-496-5430
        morgan@morganlawpc.com
        mckinley@morganlawpc.com
        manship@morganlawpc.com
        *Counsel for the Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| CORNERED, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| AMANDA AKINS and JEFFREY KNIGHT, | ) ) ) | FILE NO. 1:11-cv-02854-AT |
| Defendants. | ) ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2012, I filed the **MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT KNIGHT AND SUPPORTING MEMORANDUM** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Blair Chintella
1600 Alexandria Court SE
Marietta, GA 30067
(404) 579-9668
bchintel1@gmail.com

Respectfully submitted,

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
Candice D. McKinley
Georgia Bar No. 253892
Flora Manship
Georgia Bar No. 317817
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL:  404-496-5430
morgan@morganlawpc.com
mckinley@morganlawpc.com
manship@morganlawpc.com
*Counsel for the Plaintiff*